CONLEY, J. T. C.
Plaintiff challenges the real property tax assessment on its industrial property for the years 1976,1977,1978 and 1979. The property was assessed in the aggregate at $846,500 in 1976. The Passaic County Board of Taxation reduced the assessment to $806,500 for that year. This latter amount was carried as the assessment on the property through 1979 and each year the county board entered a judgment affirming the assessment. Plaintiff’s pleadings in this court demand that the assessment be reduced to the true value of the property and that the true value determination be further reduced to the common level of assessments prevailing in the taxing district.
Not having received plaintiff’s appraisal or answers to interrogatories as required by the pretrial order, defendant brought a motion to compel discovery or, in the alternative to dismiss plaintiff’s complaints. On the return date of defendant’s motion, plaintiff withdrew those portions of its complaints alleging that the assessments were in excess of true value. Plaintiff stated that it had no need for an appraisal because it would argue that the assessments were at true value, precluding the need for any proof as to value. Plaintiff further argued that it would offer proofs only as to the discrimination issue. Defendant thereupon made an oral motion for summary judgment on the grounds that plaintiff could be entitled to no relief in the absence of any proof as to the true value of the subject property.
Defendant’s motion for summary judgment must be granted. The issue of discrimination raised by plaintiff has been discussed at length by our Supreme Court in Piscataway Association, Inc. v. Piscataway Township, 73 N.J. 546, 376 A.2d 527 (1977), Tri-Terminal Corp. v. Edgewater, 68 N.J. 405, 346 A. 2d 396 (1975), cert. den., 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976), and In re Appeal of Kents, 34 N.J. 21, 166 A.2d 763 *116 (1961). These cases make it eminently clear that in order for a taxpayer to receive discrimination relief he must first establish the true value of his property. As Chief Justice Weintraub stated in the Kents case:
The burden is his to establish with independent proofs the true value of the parcel with its improvements and that the total assessment of the improved parcel substantially exceeds the ratio of assessment of real property in the taxing district. [Id. at 33-34,166 A.2d 763; emphasis supplied].
Thus, a taxpayer who alleges discrimination must meet a twofold test in order to obtain relief. He must prove both true value and discrimination.
Plaintiff argues that there is no need for it to prove true value because defendant’s tax assessor is required by law to assess all property at “full and fair value.” N.J.S.A. 54:4-23. However, it is common knowledge that assessments in any taxing district are not necessarily the equivalent of true value. In Piscataway Association, Inc. v. Piscataway Township, supra, the Supreme Court made this observation:
Although each year assessors should review and, where appropriate, change valuations, we recognize the impraeticality and difficulty of fulfilling that duty. [73 N.J. at 551, 376 A.2d 527],
In Tri-Terminal Corp. v. Edgewater, supra, the court stated:
While practicalities obviously preclude most assessors reviewing every assessment line item every year, see Bergen Cty. Bd. of Taxation v. Bor. of Bogota, 104 N.J.Super. 499, 507, 250 A.2d 440 (Law Div.1969), there should nevertheless be alertness to changed valuation factors peculiarly affecting individual properties in years between revaluations and requiring prompt revision of such assessments in fairness to the particular taxpayer or to the taxing district. [68 N.J. at 414, 346 A.2d 396],
This court would be able to consider granting relief in this case only upon proof of the value of the subject property. It cannot grant relief based upon an abstract legal standard which may not reflect actual assessment practice. Plaintiff has chosen to present no proof on the issue of value. It therefore cannot prevail on the issue of discrimination. The Clerk of the Tax Court will enter an appropriate judgment affirming defendant’s assessments for all years in issue.